### PRATER v. COOK et al.

### No. 4025.

Court of Civil Appeals of Texas. El Paso. Feb. 13, 1941.

McClellan Wassell, of Wink (A. T. Folsom, of Wink, of counsel), for appellant.

H. L. Roberson and G. C. Olsen, both of Kermit, for appellees.

WALTHALL, Justice.

This suit was brought to recover an alleged unpaid balance due on a note for $1,000 made payable to appellant and signed by appellee A. A. Cook, with others. The case was tried to the court without a jury. All defendants other than A. A. Cook and Walton C. Creech were dismissed before judgment, and as to A. A. Cook judgment was rendered that appellant (plaintiff) take nothing by his suit. From that judgment appellant appeals.

A. A. Cook's original answer to the suit was a general denial; his amended original answer consisted of special exceptions and general denial. The exceptions were overruled. On motion of appellant the court filed findings of fact and conclusions of law.

The court's findings of fact state that the $1,000 note upon which the suit was brought had payments, with the amounts and dates thereof, endorsed on the back of the note, but the payments were not sufficient to discharge the note.

Appellee Cook was permitted, over objection, to show that the $1,000 note sued upon was given appellant for money to be used in a service station business; that thereafter some of the defendants here sold the service station business to parties not parties to this suit, who assumed to pay the unpaid balance of the $1,000 note. It was not alleged or proved that appellant agreed to release A. A. Cook from liability on the note, nor is it alleged that appellant agreed to or did accept the purchasers of the service station business or other security in lieu of the unpaid balance on the note; nor is it alleged that the purchasers of the service station business executed a new note to appellant for the unpaid balance on the note; nor is it alleged that the new note was paid in full to appellant in discharge of the note sued on.

The point made by appellant, evidenced by bills of exceptions, is that the court admitted evidence of payment of the $1,000 note other than payments endorsed on the note; in the absence of any issue tendered or pleading of payment.

A. A. Cook tendered a plea of non est factum, but the court made no finding on the plea.

Evidently, under Article 2014, of the Revised Civil Statutes, it was error to admit evidence of payment in the absence of any such issue tendered in the pleadings.

No order as to Walton C. Creech is made in the judgment. It leaves the judgment doubtful as being final.

The case is reversed and remanded.